**LAW OFFICES OF PERRY C. WANDER**
Perry C. Wander (SBN: 102523)
9454 Wilshire Boulevard, Penthouse
Beverly Hills, California 90212
Telephone: 310-274-9985
Facsimile: 310-274-9987
Email: pcwlaw@msn.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA CAPONE, INDIVIDUALLY, AND AS SUCCESSOR IN INTEREST TO JOSEPH STEVE CAPONE, AND  AS GUARDIAN AD LITEM FOR, M.S. A MINOR, (DOB: 5/10/20), <br><br> Plaintiffs, <br><br> vs. <br><br> JACLYN ROSE BLOOMQUIST, <br><br> Defendant. | CASE NO.: <br><br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES BASED ON** <br><br> 1. **WRONGFUL DEATH** <br><br> 2. **NEGLIGENCE PER SE** <br><br> 3. **GROSS NEGLIGENCE** <br><br> **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Plaintiffs ("Plaintiffs"), hereby allege, based upon information and belief, except as to allegations concerning Plaintiff's, or their counsel, which allegations are made upon Plaintiffs personal knowledge, against Defendant Jaclyn Rose Bloomquist  ("Defendant"), as follows:

1.   This is a wrongful death action filed against the defendant, a resident of the state of Oregon for negligence and gross negligence, by the widow and her 5 year old surviving daughter  who are residents of the state of California for the death of Joseph Steve Capone ("Joey") who was struck down and murdered by the defendant who was speeding at twice the posted speed limit in icy conditions and killed  while crossing in a marked crosswalk.

2.   On December 22, 2022, Joseph Steve Capone ("Joey") ("decedent") was struck and killed by a vehicle while crossing legally within an unmarked crosswalk at the intersection of NW 22nd Ave & W Burnside St in Portland, Oregon. The driver admitted traveling 30–35 mph in a legally 25 mph business district during icy road conditions, which required a lesser safe speed. Surveillance video captured the collision. Joey was 36 years old and left behind his widow, Daniela Capone, and their now 5 year old daughter.

3.   The Portland Police Bureau (PPB) investigation confirmed that decedent Joey was lawfully crossing the street within a crosswalk while defendant was operating a motor vehicle which caused a collision with Joey.  As a result of Defendant's negligent operation of her motor vehicle, speeding at twice the safe speed during icy conditions, defendant killed Joey.

4.   Defendant failed to slow, yield, or stop for the decedent, despite the decedent being fully visible and lawfully present in the crosswalk.

5.   As a direct and proximate result of defendant's negligent, reckless, and unlawful conduct, defendant's vehicle violently struck the decedent throwing him almost 100 feet, causing catastrophic injuries that resulted in his death.

6.   The decedent was a healthy (36 years old) contributing family member who provided love, companionship, financial support, moral guidance, and was a loving husband and father to Plaintiffs.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**PARTIES**

7.   Plaintiff, DANIELA CAPONE is an individual residing in the County of Los Angeles, City of Los Angeles, State of California and is the lawful surviving spouse of decedent Joey.

8.   Plaintiff M.S. A MINOR, (DOB: 5/10/20), is the only surviving child of the decedent Joey. Plaintiff minor appears through her court appointed Guardian ad Litem DANIELA CAPONE, pursuant to the application filed in this action.

9.   At all relevant times herein, defendant JACLYN ROSE BLOOMQUIST was an individual residing in the County of Washinton, City of Tigard, State of Oregon.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction of this case under 28 U.S.C. § 1332 as the parties involved are completely diverse in citizenship and the amount in controversy exceeds $75,000.

11. At all times material, Plaintiffs are residents of the state of California.

12. At all times material, Defendant is a resident of the state of Oregon.

13. Plaintiff brings this lawsuit against the Defendant alleging wrongful death, negligence per se and gross negligence of the defendant in the operation and use of a motor vehicle, which proximately caused the death of the decent. Plaintiff is the lawful surviving spouse of decedent. Plaintiff M.S., a minor, (DOB: 5/10/20), is the only surviving child of the decedent.

14. Plaintiffs special damages are thus excess of $75,000.

15. Additionally, Plaintiff prays for costs of suit and attorney's fees in this action; for compensatory, special, exemplary, and punitive damages; for interest in an amount according to proof at trial; and for such other and further relief as the court may deem just and proper.

16. Accordingly, the amount in controversy exceeds the $75,000 diversity threshold under 28 U.S.C. § 1332.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1

## STATEMENT OF FACTS

2

17. On or about December 22, 2022, defendant was operating a motor vehicle, owned by and

3

registered to Defendant.  Defendant is the policyholder for Defendants' automotive insurance

4

through Geico insurance company.

5

18. The decedent Mr. Capone crossed within an unmarked crosswalk, consistent with ORS

6

801.220 and ORS 811.028. Surveillance video confirms he was within this protected zone.

7

19. The driver admitted traveling 30–35 mph on icy roads in a business district,

8

where ORS 811.111(1)(d) limits speed to 20 mph. Under ORS 811.100 (Oregon's Basic Speed

9

Rule), drivers must operate at a "reasonable and prudent" speed for conditions such as snow, ice, or

10

reduced visibility.

11

20. The failure to reduce speed in hazardous conditions constitutes negligence per se even when

12

the posted limit is not exceeded, and if the posted speed limit is exceeded under those hazardous

13

conditions, that constitutes gross negligence, warranting punitive damages in addition to general

14

damages.

15

21. The Portland Police Bureau (PPB) investigation confirmed that decedent Joey throw-distance

16

measurements of decedents body (75 feet) indicates a speed *of almost twice the posted speed limit*.

17

PPB used the Searle Equation—designed to detect pedestrian post-impact distance.

18

22. At said time and place, the highway road conditions were icy and hazardous requiring a safe

19

speed less than the posted speed limit.

20

21

## FIRST CAUSE OF ACTION
(For Wrongful Death Against Defendant)

22

23

23. Plaintiff hereby incorporates by reference the allegations contained in the foregoing

24

paragraphs as if fully set forth herein.

25

24. Defendant negligently, carelessly, recklessly operated her vehicle thereby causing the death

26

of the decedent.

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

4

25. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered the loss of the decedents love, companionship, comfort care, assistance, protections, loss of financial support, funeral and burial expenses, loss of future earnings and benefits, according to proof at trial.

**SECOND CAUSE OF ACTION**
(For Negligence Per Se Against Defendant)

26. On or about December 22, 2022, at all times material, Defendant was in possession, custody, and control of the striking vehicle.

27. At all times material, Defendant as the driver owed a duty to exercise reasonable care in the ownership, operation, and/or use of the striking vehicle for the benefit of other individuals on public roadways.

28. At all times material, Defendant as the registered owner of the striking vehicle, Defendant owed a duty to exercise reasonable care in overseeing the custody and control of the striking vehicle for the benefit of other individuals on public roadways.

29. Defendant breached her duty of care to other the decedent on the above-described public roadway, as she was negligent and careless in the ownership, operation, and/or use of her motor vehicle. The negligence violated Under ORS 811.100 (Oregon's Basic Speed Rule), which requires that drivers operate at a "reasonable and prudent" speed for conditions such as snow, ice, or reduced visibility, and thus the defendant was negligent per se.

30. Defendant breached her duty of care by, striking Plaintiff 's husband at a high rate of speed. The decedent was within the class of persons these statutes are designed tom protect, and the harm suffered was the type of harm these laws were meant to protect.

31. Defendant's statutory violations constitute negligence per se due to her:

    a.  Failure to operate a motor vehicle in a safe and reasonable manner;

    b.  Failure to operate a motor vehicle in compliance with state and local traffic laws;

    c.  Failure to keep an adequate and proper lookout;

    d.  Failure to avoid the collision with Plaintiff's husband, who was lawfully in a crosswalk; and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

e.  Other acts of negligence not now known to Plaintiff but which may become known prior to or at the time of trial.

32. Additionally, Defendant conducted other acts of negligence not now known to Plaintiff but which may become known prior to or at the time of trial.

33. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered the loss of the decedents love, companionship, comfort care, assistance, protections, loss of financial support, funeral and burial expenses, loss of future earnings and benefits, according to proof at trial

**THIRD CAUSE OF ACTION**
(For Gross Negligence Against Defendant)

34. Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. At all times material, Defendant owed a duty to exercise reasonable care in the ownership, operation, and/or use of the striking vehicle for the benefit of other individuals on public roadways.

36. As registered owner of the striking vehicle, Defendant owed a duty to exercise reasonable care in overseeing the custody and control of the striking vehicle for the benefit of pedestrians on designated cross walks on public roads.

37. At the time and place of the aforementioned collision, Defendants operated the striking vehicle in a careless, reckless, and unsafe manner; failed to exercise ordinary care and diligence; and were further grossly negligent in, including but not limited to, the following respects:

a.  Defendant failed to keep a proper lookout;

b.  Defendant failed to maintain proper control of the striking vehicle so as to avoid a collision, in total disregard for the safety of Pedestrian and those around him;

38. Defendants' conduct constitutes gross negligence, which proximately caused, in whole or in part, the damages suffered by Plaintiffs.

39. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered the loss of the decedents love, companionship, comfort care, assistance, protections, loss of financial support, funeral and burial expenses, loss of future earnings and benefits, according to proof at trial.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

40. As alleged herein, and in light of the circumstances at the time and place of collision, Defendants' acts constitute gross negligence, and Plaintiff's should recover, in addition to actual damages, exemplary and punitive damages in the sum of $1,000,000 for the willful, wanton, intentional, reckless, and grossly negligent acts of Defendant, whose reckless, wanton actions caused the death of the decedent.

41. Defendant's conduct went far beyond ordinary negligence. Defendant acted with conscious disregard for the safety of pedestrians, including the decedent, by operating a motor vehicle at an excessive and dangerous rate of speed, well above the posted limit and well above a speed safe for existing conditions. Defendant also acted in reckless disregard of the decedent's life by failing to slow, stop, or yield despite the decedent being fully visible, lawfully present, and properly crossing in a crosswalk. Defendant's conduct demonstrates willful and conscious disregard for the rights and safety of others, constituting "malice" as defined in California Civil Code § 3294(c)(1).

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant:

1. General compensatory damages, according to proof;

2. Punitive damages, according to proof;

3. Special damages for medical expenses, according to proof;

4. Special damages for lost wages and income, according to proof;

5. Interest according to law;

6. Cost of suit; and

7. Such other and further relief as the Court may deem just and proper.

8. Demand For Jury Trial.

DATED:  December 11, 2025                    LAW OFFICES OF PERRY C. WANDER

_By: /s/Perry C. Wander_
Perry C. Wander, Esq.
Attorney for Plaintiffs

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

7